G5JSFERP

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4            v.                              16 CR 131 (BM)

5  DAILE FERGUSON,

6                  Defendant.

7  ------------------------------x

8                                           New York, N.Y.
                                            May 19, 2016
9                                           12:10 p.m.

10
   Before:
11
                      HON. BARBARA MOSES,
12
                                            Magistrate Judge
13

14                        APPEARANCES

15 PREET BHARARA
        United States Attorney for the
16      Southern District of New York
   ELI MARK
17      Assistant United States Attorney

18 ANTHONY STRAZZA
        Attorney for Defendant
19

20

21

22

23

24

25

G5JSFERP

1          (Case called)

2          MR. MARK:  Good afternoon, your Honor.  Eli Mark for

3     the government.

4          THE COURT:  Mr. Mark.

5          MR. STRAZZA:  Good afternoon, your Honor.  Anthony

6     Strazza appearing for Daile Ferguson.

7          THE COURT:  Mr. Strazza, Mr. Ferguson.

8          We are here, as I understand it, to take

9     Mr. Ferguson's plea to Count One of the indictment, correct?

10          MR. STRAZZA:  Correct.

11          MR. MARK:  Yes, your Honor.

12          THE COURT:  Mr. Ferguson, my courtroom deputy has just

13     handed to me a document entitled a Consent to Proceed before a

14     United States Magistrate Judge on a Felony Plea Allocution.  Is

15     that your signature on the form?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Thank you.

18          What this form says is that knowing that you have the

19     right to have your plea taken by a United States District

20     Judge, you are consenting to have your plea taken instead by a

21     magistrate judge, such as myself.  You will have all of the

22     same rights and protections as if you were before a district

23     judge, and if your plea is accepted and you are sentenced, you

24     will be sentenced by a United States District Judge.

25          Did you sign the form voluntarily?

G5JSFERP

| | |
|---|---|
| 1 | THE DEFENDANT:  Yes, your Honor. |
| 2 | THE COURT:  Before you signed the form, did your |
| 3 | lawyer, Mr. Strazza, explain it to you? |
| 4 | THE DEFENDANT:  Yes, your Honor. |
| 5 | THE COURT:  Do you wish to proceed here in my |
| 6 | courtroom today? |
| 7 | THE DEFENDANT:  Yes, your Honor. |
| 8 | THE COURT:  Very well.  I will accept the consent. |
| 9 | My understanding, as I stated at the outset of this |
| 10 | proceeding, is that you wish to change your plea and enter a |
| 11 | plea of guilty to Count One against you, is that correct? |
| 12 | THE DEFENDANT:  Yes, your Honor. |
| 13 | THE COURT:  Now, before deciding whether to accept |
| 14 | your guilty plea, I need to ask you some questions.  It is |
| 15 | important that you answer my questions honestly and completely. |
| 16 | The reason I am going to ask you these questions is that I need |
| 17 | to make sure that you understand your rights, I need to make |
| 18 | sure that you are pleading guilty of your own free will, and I |
| 19 | need to make sure that you're pleading guilty because you |
| 20 | actually are guilty and not for any other reason.  Do you |
| 21 | understand what I am saying? |
| 22 | THE DEFENDANT:  Yes, your Honor. |
| 23 | THE COURT:  If you don't understand any of the |
| 24 | questions that I ask you or if you need time to consult with |
| 25 | Mr. Strazza, just let me know, because we do want you to fully |

G5JSFERP

1    understand every step of the proceedings here.  Are you ready?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  All right.  I will ask Mr. Snell to swear

4    you.

5              (Defendant sworn)

6              THE COURT:  Mr. Ferguson, you are now under oath.  If

7    you answer any of my questions falsely, you can be prosecuted

8    for perjury based on your false answers.  Do you understand

9    that?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  Let's pause for just a moment.

12             Mr. Ferguson, what is your full name?

13             THE DEFENDANT:  Daile Ferguson.

14             THE COURT:  The middle name is what?

15             THE DEFENDANT:  Clayon.

16             THE COURT:  C-l-a-i-r-e?

17             THE DEFENDANT:  C-l-a-y-o-n.

18             THE COURT:  C-l-a-y-o-n?

19             THE DEFENDANT:  Yes.

20             THE COURT:  How old are you?

21             THE DEFENDANT:  I am 38 years old.

22             THE COURT:  Are you a United States citizen?

23             THE DEFENDANT:  No, your Honor.

24             THE COURT:  What country are you a citizen of?

25             THE DEFENDANT:  Jamaica.

G5JSFERP

1          THE COURT:  How far did you go in school?

2          THE DEFENDANT:  I have an associate's degree.

3          THE COURT:  That's two years of college?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Did you get that in Jamaica or here in the

6  United States?

7          THE DEFENDANT:  Here in the United States.

8          THE COURT:  Where did you get that degree?

9          THE DEFENDANT:  University of Phoenix.

10          THE COURT:  I'm sorry, I can barely hear you.

11          THE DEFENDANT:  University of Phoenix.

12          THE COURT:  Is that one of those online universities?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  OK.  I take it that you can read and write

15  competently?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Are you now under the care of any doctor

18  or psychiatrist or psychologist for any reason?

19          THE DEFENDANT:  I am under the care of Dr. Grant,

20  Paula Grant.

21          THE COURT:  A medical doctor?

22          THE DEFENDANT:  Yes.

23          THE COURT:  What is the reason for that?

24          THE DEFENDANT:  For my HIV status.

25          THE COURT:  I'm sorry, you're speaking very softly.

G5JSFERP

1   Can you put the microphone a little closer?

2          MR. STRAZZA:  Your Honor, out of privacy concerns, may

3   we approach to answer that question?

4          THE COURT:  Sure.  Come on up.

5          (At the sidebar)

6          THE COURT:  What's the issue.

7          MR. STRAZZA:  Mr. Ferguson is HIV positive.  I didn't

8   even discuss it with him in terms of whether or not he wanted

9   to announce it in open court.  I just assumed it would be

10  better off on the sidebar.

11         THE COURT:  I don't think that particularly impacts on

12  his ability to plead.  Are you okay with me not discussing it

13  further?

14         MR. MARK:  I don't think it is necessary to discuss

15  it.

16         MR. STRAZZA:  Thank you.

17         THE COURT:  OK.

18         (In open court)

19         THE COURT:  Mr. Ferguson, I am going to change the

20  question a little bit.

21         Are you under the care by any doctor, psychiatrist or

22  a psychologist for any condition which could affect your mental

23  processes or your ability to make a judgment?

24         THE DEFENDANT:  No, your Honor.

25         THE COURT:  Within the last six months, have you been

G5JSFERP

1      under the care of any psychiatrist or psychologist?

2                THE DEFENDANT:  No, your Honor.

3                THE COURT:  And you're not under the care of a

4      psychiatrist or a psychologist now?

5                THE DEFENDANT:  No, your Honor.

6                THE COURT:  All right.  In the last 24 hours, have you

7      taken any drugs, medicine, pills, whether or not prescribed by

8      a doctor, that would affect your mental processes?

9                THE DEFENDANT:  No, your Honor.

10               THE COURT:  Within the last 24 hours, have you

11     consumed any alcohol?

12               THE DEFENDANT:  No, your Honor.

13               THE COURT:  Is your mind clear today?

14               THE DEFENDANT:  Yes, your Honor.

15               THE COURT:  Do you understand what we are doing here?

16               THE DEFENDANT:  Yes, your Honor.

17               THE COURT:  Does either counsel have any objection to

18     the defendant's competence to plead?

19               MR. MARK:  No, your Honor.

20               MR. STRAZZA:  No, your Honor.

21               THE COURT:  All right.  Mr. Ferguson, you have, I

22     hope, received a copy of the indictment in your case which

23     contains the charges against you?

24               THE DEFENDANT:  Yes, your Honor.

25               THE COURT:  Have you read it?

G5JSFERP

1            THE DEFENDANT:  Yes, your Honor.

2            THE COURT:  Do you understand what it says you did?

3            THE DEFENDANT:  Yes, your Honor.

4            THE COURT:  Have you also had time to talk with your

5     attorney about the charges and how you want to plead?

6            THE DEFENDANT:  Yes, your Honor.

7            THE COURT:  I am now going to explain certain

8     constitutional rights that you have.  These are rights that you

9     will be giving up if you enter a plea of guilty, so please

10    listen carefully to what they are.  And, again, if you don't

11    understand something, stop me, because we want to make sure

12    that you are clear on these issues.

13            First, under the Constitution and laws of the United

14    States, you have a right to plead not guilty to all charges

15    against you.  Do you understand that?

16            THE DEFENDANT:  Yes, your Honor, I understand.

17            THE COURT:  Second, if you plead not guilty, you would

18    be entitled under the Constitution to a trial, to a speedy and

19    public trial by a jury of all charges against you.  At that

20    trial, you would be presumed innocent, and it is the government

21    that would be required to prove you guilty beyond a reasonable

22    doubt before you could be found guilty, a jury of 12 people

23    would have to agree unanimously that you are, in fact, guilty

24    beyond a reasonable doubt.  Do you understand that?

25            THE DEFENDANT:  Yes, your Honor.

G5JSFERP

1          THE COURT:  Third, if you do decide to go to trial,

2     then at that trial and at every stage of your case, you have

3     the right to be represented by an attorney.  If you could not

4     afford an attorney, an attorney would be appointed to represent

5     you at no charge to you.  Even if you continue with retained

6     counsel, that is privately retained counsel, defense counsel,

7     and ran out of money, you would be entitled at that point to

8     have an attorney appointed for you paid for by the government.

9     You would be entitled to representation all the way through

10    trial and not just for your plea.  So your decision to plead

11    guilty should not depend on whether you can afford to hire an

12    attorney.  Do you understand that?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  We will pause again just a moment.

15          Fourth, Mr. Ferguson, during a trial, the witnesses

16    for the prosecution would have to come to court and testify in

17    your presence where you could see them and hear them and your

18    lawyer could cross-examine them.  Your lawyer could also offer

19    evidence on your behalf and he would be able to use the court's

20    power, the court's subpoena power, to require witnesses to come

21    to court and testify on your behalf even if they were reluctant

22    to come.  Do you understand that?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  Fifth, at a trial, you would have the

25    right to testify in your own defense, if you wished, and you

G5JSFERP

would also have the right not to testify.  If you chose not to

testify, that could not be used against you in any way.  That

is, the government could not argue or suggest that the fact

that you chose not to testify was evidence of your guilt.  Do

you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Sixth, if you were convicted at trial, you

would have the right to appeal that verdict to a higher court.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  As I said before, you have the right to

plead not guilty.  Even today, I know you came to court

prepared to plead guilty, but even today you have the right to

change your mind, persist in your not guilty plea, and to go to

trial.  However, if you do plead guilty and if the court

accepts your plea, you will give up the right to trial and the

other rights that I just described to you.  If you plead

guilty, there won't be any trial, there will only be a sentence

and you and the government will have the chance to make certain

arguments about what that sentence should be, but there will

not be any further trial to determine whether you were guilty

or not guilty of the charges against you.  Do you understand

that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you also understand that the decision

G5JSFERP

1    as to the appropriate sentence to be imposed in your case will

2    be entirely up to the sentencing judge.  That judge will be

3    limited only by what the law requires.  What that means is,

4    even if you are surprised or disappointed by the sentence, even

5    if the sentence is different than what you expect based on your

6    plea agreement with the government, you will still be bound by

7    your underlying guilty plea and you can't take it back.  Do you

8    understand that?

9         THE DEFENDANT:  Yes, your Honor.

10         THE COURT:  Finally, if you do plead guilty, you'll be

11    giving up your Fifth Amendment right, that is your right not to

12    incriminate yourself.  I will ask you questions about what you

13    did.  I will ask you these questions in order to satisfy myself

14    that you are pleading guilty because you actually are guilty.

15    In other words, you will be admitting what we call your factual

16    or actual guilt as well as your legal guilt.  Do you understand

17    that?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  Count One of the indictment in your case

20    charges you with participating in a wire fraud conspiracy in

21    violation of Title 18 of the United States Code, Section 1349.

22    I will ask the Assistant United States Attorney to state the

23    elements of the charge.  The elements, Mr. Ferguson, are the

24    things the government would have to prove at trial.

25         MR. MARK:  If this case were to proceed to trial, the

G5JSFERP

1    government would have to prove two elements beyond a reasonable

2    doubt:

3            First, that two or more persons agreed to violate a

4    federal fraud crime under Title 18.  In this case, we are

5    talking about 18 U.S.C. 1343.

6            And second, the defendant knowingly and intentionally

7    became a member of that conspiracy.

8            As to the second, 1343, the wire fraud statute, that

9    has three elements:

10           First, that there was a scheme or artifice to defraud

11   or to obtain money or property by materially false and

12   fraudulent presentences, representations or promises;

13           Second, the defendant knowingly and willfully

14   participated in this scheme or artifice to defraud with the

15   knowledge of its fraudulent nature and with specific intent to

16   defraud or that he knowingly and intentionally aided and

17   abetted others in that scheme;

18           And third, that in execution of that scheme, the

19   defendant used or caused the use of interstate wires.

20           The government also would have to prove by a

21   preponderance of the evidence venue in this case in the

22   Southern District of New York.

23           THE COURT:  Thank you.

24           Mr. Ferguson, I am now going to tell you about the

25   maximum possible penalty for the crime that is charged in

G5JSFERP

1   Count One of the indictment against you.  The maximum possible

2   penalty means the most that could be imposed.  It does not mean

3   that this is what you would necessarily receive.  However, by

4   pleading guilty, you are exposing yourself to the possibility

5   of receiving a punishment or a combination of punishments up to

6   the maximum that I am about to describe.  Do you understand

7   that?

8            THE DEFENDANT:  Yes, ma'am.

9            THE COURT:  The maximum term of imprisonment for the

10   crime charged in Count One is 20 years, 20 years in prison.  In

11   addition, it could be followed by a maximum term of supervised

12   release of three years.  Supervised release means that after a

13   person is released from prison, they can be made subject to

14   supervision by the probation department.  If you are placed on

15   supervised release and thereafter violate any condition of that

16   supervised release, the judge can revoke the term of supervised

17   release previously imposed and return you to prison without

18   giving you any credit for the time that you previously served

19   on supervised release.  Do you understand that?

20            THE DEFENDANT:  Yes, your Honor.

21            THE COURT:  OK.  There is no mandatory minimum,

22   Mr. Mark?

23            MR. MARK:  That's correct, your Honor.

24            THE COURT:  In addition to the potential prison term

25   and term of supervised release, there is a financial penalty

G5JSFERP

1    for Count One.  The maximum possible financial penalty or fine

2    for this crime is $250,000 or twice the gross monetary profit

3    derived from the offense or twice the gross monetary loss to

4    persons other than yourself as a result of the offense,

5    whichever of those is the largest.

6           You can also be required to pay restitution to any

7    victims of the crime in an amount determined by the court, and

8    in addition, by pleading guilty, you will admit to the

9    forfeiture allegations of the indictment.  And it is my

10   understanding that you have already worked out with the

11   government a preliminary order of forfeiture that would require

12   you to forfeit the sum of $439,386.79.  Do you understand that?

13           THE DEFENDANT:  Yes, your Honor.

14           THE COURT:  I am also required by law to mention that

15   in addition to the punishments that I have just told you about,

16   there is a special assessment or fine of $100 that is required

17   to be imposed on each count, in this case, one count of the

18   conviction.

19           Now, because you are not a citizen of the United

20   States, Mr. Ferguson, you need to understand that your guilty

21   plea may also have serious consequences for your ability to

22   remain in the United States.  Do you understand that?

23           THE DEFENDANT:  Yes, your Honor.

24           THE COURT:  Do you understand that your removal or

25   deportation become highly likely and may be mandatory?

G5JSFERP

1        THE DEFENDANT:  Yes, your Honor.

2        THE COURT:  All right.  Do you understand that you

3   will remain bound by your guilty plea, you will not be able to

4   take it back, regardless of the immigration consequences of

5   that plea?

6        THE DEFENDANT:  Yes, your Honor.

7        THE COURT:  Has anyone threatened or coerced you in

8   any way in order to get you to plead guilty?

9        THE DEFENDANT:  No, your Honor.

10        THE COURT:  Mr. Snell, may I see the letter, please?

11   Thank you.

12        As I mentioned, it was my understanding that there was

13   a written plea agreement entered into on your behalf with the

14   government.  I have a copy here of a letter from the government

15   written to your lawyer dated May 9, 2006.  It looks like it has

16   your signature on the last page?

17        THE DEFENDANT:  Yes, your Honor.

18        THE COURT:  Is this your signature, sir?

19        THE DEFENDANT:  Yes, your Honor.

20        THE COURT:  OK.  Did you read the letter before you

21   signed it?

22        THE DEFENDANT:  Yes, your Honor.

23        THE COURT:  Did you understand it?

24        THE DEFENDANT:  Yes, your Honor.

25        THE COURT:  Has anyone promised you or offered you

G5JSFERP

1    anything other than what is in this written plea agreement for

2    the record to get you to plead guilty?

3         THE DEFENDANT:  No, your Honor.

4         THE COURT:  So looking at your plea agreement, it

5    appears that you and the government have reached agreement

6    regarding the appropriate calculation of your sentence under

7    the sentencing guidelines, is that right?

8         THE DEFENDANT:  Yes, your Honor.

9         THE COURT:  And specifically the agreement is that the

10   appropriate sentencing range under the guidelines will be 33 to

11   41 months' imprisonment, 33 to 41 months, is that correct?

12        THE DEFENDANT:  Yes, your Honor.

13        THE COURT:  Under this agreement, neither you nor the

14   government is allowed to argue to the sentencing judge for a

15   calculation that is different from the one set forth in the

16   letter.  Do you understand that?

17        THE DEFENDANT:  Yes, your Honor.

18        THE COURT:  Do you also understand that this agreement

19   limits your right to appeal from any sentence that may be

20   imposed?

21        THE DEFENDANT:  Yes, your Honor.

22        THE COURT:  Specifically as long as the judge

23   sentences you to a prison term which is no more than 41 months,

24   and as long as the judge imposes a fine which is no more than

25   $75,000, you will be giving up your right to appeal the

G5JSFERP

1   sentence as well, whether by direct appeal, by writ of habeas

2   corpus or by any other means.  Do you understand that?

3            THE DEFENDANT:  Yes, your Honor.

4            THE COURT:  OK.  Do you understand that under the

5   terms of this plea agreement set forth in the May 9 letter from

6   the government, even if you later learn that the government

7   withheld from your lawyer information that would have been

8   helpful to you in defending yourself at trial, you won't be

9   able to complain about that and you won't be able to withdraw

10  your guilty plea?

11           THE DEFENDANT:  Yes, your Honor.

12           THE COURT:  OK.  Most importantly, do you understand

13  that the terms of your written plea agreement with the

14  government are not binding on the sentencing judge?

15           THE DEFENDANT:  Yes, your Honor.

16           THE COURT:  The judge could reject those calculations,

17  the judge could impose either a shorter or a longer sentence on

18  you without permitting you to withdraw your guilty plea.  Do

19  you understand that?

20           THE DEFENDANT:  Yes, your Honor.

21           THE COURT:  As a matter of fact, the sentencing judge

22  is required to make an independent calculation of the

23  appropriate sentencing range under the guidelines and the

24  sentencing judge will also have the discretion to give you a

25  sentence above or below that range up to the maximum that I

G5JSFERP

1    told you about earlier.

2            In other words, the sentencing judge will pronounce

3    whatever sentence they feel is appropriate for you whether or

4    not it is within the range set out in your plea agreement.  The

5    court in setting that sentence may consider, in addition to the

6    guidelines and in addition to departures above or below the

7    guidelines, the factors set forth in 18, United States Code,

8    Section 3553(a).  The court will also consider a presentence

9    report prepared by the probation department in advance of

10   sentencing.  And you will, through your lawyer, have an

11   opportunity to look at that report and challenge any facts, if

12   you feel they are inaccurate, that are set forth in the

13   presentencing report.

14           Let me ask first the government, Mr. Mark, if there is

15   anything else in the plea agreement that you would like me to

16   cover with the defendant?

17           MR. MARK:  No, your Honor.

18           THE COURT:  Mr. Strazza?

19           MR. STRAZZA:  No, your Honor.

20           THE COURT:  I think I asked you this before, but just

21   to make sure, is there anything, any promises or agreements,

22   any promises made to you or agreements that you have entered

23   into, other than what is in the May 9 plea agreement, to get

24   you to plead guilty?

25           THE DEFENDANT:  No, your Honor.

G5JSFERP

1           THE COURT:  All right.  You have been advised of the

2    charges against you.  You have been advised of the possible

3    penalties you face.  You have been advised of the rights that

4    you are giving up.  Is it still your intention to plead guilty

5    to the charge set out in Count One of the indictment in your

6    case?

7           THE DEFENDANT:  Yes, your Honor.

8           THE COURT:  Very well, sir.

9           Will your plea be voluntary and made of your own free

10   will?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Then I will ask you now with respect to

13   Count One, how do you plead; guilty or not guilty?

14          THE DEFENDANT:  Guilty.

15          THE COURT:  Mr. Ferguson, you now need to tell me what

16   it is that you did that violated the law.

17          THE DEFENDANT:  From 2009 in or about from 2009 to

18   2014, I agreed with others to participate in --

19          THE COURT:  Slow down a little bit so I can understand

20   you.

21          THE DEFENDANT:  OK.

22          THE COURT:  You said that from 2009 until in or about

23   2014?

24          THE DEFENDANT:  Yes.

25          From in or about 2009 to 2014, I agreed with others to

G5JSFERP

1    participate in a Jamaican laundering scheme that defrauded

2    people out of money.  More specifically, I received money and

3    sent it to others in Jamaica, and some of these transactions

4    was done by wire transfer.

5              THE COURT:  You're saying you received and sent money

6    by wire transfer as part of your Jamaican laundering scheme?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  Where were you when you took place in the

9    scheme?

10             THE DEFENDANT:  In the Bronx.

11             THE COURT:  In the Bronx, New York?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Did you know that what you were doing was

14   wrong?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  And when you participated in this scheme,

17   did you intend to defraud the people you were receiving money

18   from?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  Mr. Mark, is that a sufficient factual

21   predicate for the guilty plea?

22             MR. MARK:  Yes, your Honor.

23             THE COURT:  Is there anything else you would like me

24   to ask the defendant about his conduct?

25             MR. MARK:  No, your Honor.

G5JSFERP

 1          THE COURT:  Mr. Ferguson, based on your responses to

 2   my questions and my observation of your demeanor, I find that

 3   you are competent to enter a guilty plea.  I am also satisfied

 4   that you understand your rights, including your right to a

 5   trial.  I believe that you are aware of the consequences of

 6   your plea, including the sentence that could be imposed.  I am

 7   convinced that you are voluntarily pleading guilty and that you

 8   have admitted that you are guilty as charged in Count One.  For

 9   these reasons, I will recommend that the district judge accept

10   your plea.

11          Mr. Mark, you will order a copy of the transcript and

12   submit it to the district judge?

13          MR. MARK:  I will, your Honor.

14          Also, for the record, the judge has set a sentencing

15   date in this matter.

16          THE COURT:  Of?

17          MR. MARK:  September 8 at noon.

18          THE COURT:  Sentencing date, September 8, 2016, at

19   noon.

20          Recognizing that you have some time from now until

21   then, I will direct that the presentence report be prepared.

22          Mr. Mark, when can you deliver the case summary for

23   purposes of the presentence report?

24          MR. MARK:  We will do so within two weeks, your Honor.

25          THE COURT:  Very well.

G5JSFERP

1          Mr. Strazza, can you be able to be interviewed by the

2     probation department with your client within those same two

3     weeks?

4          MR. STRAZZA:  Yes, your Honor.

5          THE COURT:  The defendant is currently on bail, is

6     that correct?

7          MR. MARK:  Yes, your Honor.

8          THE COURT:  Will those conditions continue?

9          MR. MARK:  They will, your Honor.

10          THE COURT:  All right.  Mr. Ferguson, I need to warn

11     you that you will remain at liberty under the same conditions

12     that have applied up until now.  Those conditions will continue

13     to apply and any violation of those conditions, as you know,

14     can have severe consequences, including revocation of bail and

15     prosecution for bail jumping.  Do you understand that?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Anything further from the government?

18          MR. MARK:  No, your Honor.

19          THE COURT:  Mr. Strazza?

20          MR. STRAZZA:  No, thank you.

21          THE COURT:  Thank you, gentlemen.  We are adjourned.

22          (Adjourned)

23

24

25